H. V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Respondent, *v.* ARTHUR E. LANDEL, Doing Business as WILLIAMSVILLE DAIRY, et al., Appellants.

H. V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Respondent, *v.* STERLING AMHERST FARMS DAIRY, INC., et al., Appellants.

Argued December 3, 1940; decided December 31, 1940.

*Irving G. Hubbs, Merritt A. Switzer* and *Henry S. Manley* for appellants.

*Harry D. Suitor* for Niagara Frontier Co-operative Milk Producers' Bargaining Agency, Inc., *amicus curiæ.*

*Robert G. Blabey, Milo R. Kniffen* and *Louis S. Wallach* for respondent.

*Francis L. McElroy* for Metropolitan Milk Producers Bargaining Agency, *amicus curiæ.*

*Per Curiam.* The contention of appellants, that the decision in *Matter of Guernsey Breeders Co-op., Inc.,* v. *Noyes* (284 N. Y. 197) had the effect of removing Guernsey milk from the operation of order 127 until such time as the Commissioner of Agriculture will pass upon Guernsey's claim for a differential, is untenable in view of the statutory provision that: " Such equalization shall include milk of all grades and produced by all breeds of cows " (Agriculture and Markets Law, § 258-m, subd. 6, as amended by L. 1939, ch. 760; Cons. Laws, ch. 69). The effect of our prior decision was to sustain the order as valid, but to direct the Commissioner to proceed to determine Guernsey's claim for a differential. Under the provisions of the order as it now stands, Landel and Sterling Amherst are the " marketers " who are liable for payment to the equalization fund in view of the provision in article VI, section 1, of the order, which requires them to pay not less than the uniform price to each producer and to each collecting co-operative. It is unnecessary now to pass upon the effect of the provisions of the New York order which, it may be noted, contains different language in this respect.

The judgments should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgments affirmed.